James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:  (949) 387-7200
FAX:  (949) 387-6676

Attorneys for Plaintiff, SERGIO GARCIA
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GARCIA on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION., a Minnesota corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:19-CV-01249-TLN-DB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1) **Failure to Reimburse Employee Expenses**<br>2) **Violations of the Unfair Competition Law**<br>3) **Labor Code Private Attorney General Act (Lab. Code §2699 *et seq*.)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SERGIO GARCIA on behalf of himself and all others similarly situated assert claims against Defendants as follows:

**I.**

**<u>INTRODUCTION</u>**

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, brought against Defendant TARGET CORPORATION., and Does 1 through 50 inclusive (hereinafter "TARGET" and/or "Defendants") on behalf of Plaintiff SERGIO GARCIA (hereinafter "Plaintiff") and all employees who occupied position of  "Executive Team Leaders," "Store

Team Leaders," managers and similar positions within the state of California. ("Class Members").

2. During the liability period, defined as the applicable statute of limitations for each and every cause of action contained herein, Plaintiff and Class Members used an instant messaging app called "GroupMe" downloaded to their personal phones which they were required to use on a daily basis in the performance of their job duties. Through the GroupMe App, Plaintiff and Class Members communicated amongst themselves and with management regarding work related topics and directives. Plaintiff was required to use the GroupMe App multiple times a day during his work shifts.

3. During the liability period, Defendants did not reimburse Plaintiff and, on information and belief, Class Members for the use of their personal phones in the performance of their job duties as required under California Labor Code section 2802.

4. Plaintiff, on behalf of himself and all Class Members, bring this action pursuant to Labor Code sections 2802, 2699 and any other applicable Industrial Welfare Commission ("IWC") Wage Orders, seeking unpaid business reimbursement, penalties and other equitable relief, and reasonable attorneys' fees and costs.

5. Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure to reimburse all wages owed including overtime compensation and rest and meal period premiums to Class Members.

## II.
## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's complaint, as Defendant has removed this action from the California Superior Court of Sacramento County to the District Court of California on diversity grounds pursuant to 28 U.S.C. §§1332, 1441, and 1446.

- 2 -

FIRST AMENDED CLASS ACTION COMPLAINT

7. Venue is proper in the Eastern District of California because this case was removed from the California Superior Court of Sacramento County by Defendant. In addition, pursuant to 28 U.S.C. §1391, venue is proper because Defendant is a business entity that (i) is subject to personal jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

## III.
## PARTIES

8. Plaintiff is, and at all times mentioned in this complaint was, a resident of California.

9. On information and belief, Defendant TARGET, headquartered in Minnesota, owns and operates a chain of retail stores throughout California and the United States.

10. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

11. Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.
## FACTUAL BACKGROUND

12. Plaintiff was employed by TARGET from on or about June 13, 2016 through on or about May 2, 2018 and occupied the position of Executive Team Leader- Human Resources. (hereinafter "ETL")

13. After Plaintiff became employed as an ETL, he was required to undertake a six week training period provided by TARGET. During his training, Plaintiff was made aware of the GroupMe App by the trainers. Also, during his training, Plaintiff noticed that the ETLs from other Target locations were using the GroupMe App.

14. Approximately one week after completing his six week training period, the Store Team Leader directed Plaintiff to download the GroupMe App and included him in the group who were part of the GroupMe App and which consisted of management and all ETLs in the store.  Management including the District Team Leader often communicated with Plaintiff and Class Members through the GroupMe App.

15. During the liability period, Defendants did not reimburse Plaintiff and, on information and belief, Class Members for the use of their personal phones in the performance of their job duties.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ and during the relevant period have employed over one hundred (100) Class Members in the State of California.

## V.
## CLASS ACTION ALLEGATIONS

17. Plaintiff seeks to represent a Class comprised of and defined as:  All persons who are or were employed by TARGET in the state of California who occupied position of "Executive Team Leaders," "Store Team Leaders," managers and similar positions within the state of California within four (4) years prior to the date this lawsuit is filed until resolution of this lawsuit (collectively referred to as the "Class" and/or Class Members").

18. Plaintiff also seeks to represent Subclasses comprised of persons satisfying the following definition: All persons who are or were employed by TARGET in the state of

California who occupied position of "Executive Team Leaders," "Store Team Leaders," managers and similar positions within the state of California who were required to use their personal phones in the performance of their job duties without receiving reimbursement from Defendants.

19.   Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

20.   This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. Numerosity**

21.   The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and/or during the relevant time period employed, approximately over 100 Class Members in California who are or have been affected by Defendants' unlawful practices as alleged herein.

**B. Commonality**

22.   There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i.   Whether Defendants violated Labor Code §2802 and applicable IWC Wage Orders for failing to indemnify Class Members for the expenditures incurred in the performance of their job duties (i.e. requiring them to use of their personal phones);

ii.   Whether Defendants violated section 17200 *et seq*. of the Business and Professions Code by failing to reimburse employee expenses in violation of Labor Code §2802 and applicable IWC Wage Orders.

iii.     Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code and Labor Code section §2802 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

**C. Typicality**

23.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

24.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

25.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

26.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**VI**.
**CAUSES OF ACTION**

**First Cause of Action**
Failure to Reimburse Employee Expenses
(Lab. Code §2802)
(Against All Defendants)

27. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

28. As set forth herein, by their policy and/or practice of unlawfully requiring that Plaintiff and Class Members use their personal phones in the performance of their job duties without reimbursement, Defendant willfully violated the provisions of Lab. Code §2802.

29. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent are entitled to recovery of full amount of expenses incurred plus interest, attorneys' fees, and costs, under Labor Code §2802.

30. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Second Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§17200-17208)
(Against All Defendants)

31. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

32. Business & Professions Code Section 17200 provides:

> As used in this chapter, unfair competition shall mean and include any *unlawful*, *unfair* or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

33. Defendants' violations of the Labor Code provisions set forth above constitute unlawful and/or unfair business acts or practices.

34. The actions of Defendants, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq*.

35. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein.

36. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein.

37. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Third Cause of Action**
Labor Code Private Attorney General Act
(Cal. Labor Code §2699 et seq.
(Against All Defendants)

38. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

39. Plaintiff brings these claims for civil penalties as a representative action on behalf of himself and all Non Exempt Employees employed by, or formerly employed by Defendants in the state of California during the applicable liability period under Lab. Code §2699.

40. Plaintiff gave written timely notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of the California Labor Code alleged to have been violated as required by Lab. Code §2699.3. Plaintiff did not receive a response from the Agency within the proscribed time period.

41. The policies, acts and practices of Defendants heretofore described give rise to statutory penalties including Labor Code §2802 through Defendants' failure to reimburse expenses incurred by employees in the performance of their job duties.

42. Plaintiff as an aggrieved employee hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2007 on behalf of himself and other current and former employees of Defendants against whom one or more of the violations of the Labor Code was committed during the applicable period.

## VII.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;
2. For compensatory damages in an amount according to proof with interest thereon;
3. For economic and/or special damages in an amount according to proof with interest thereon;
4. For penalties pursuant to Labor Code §2699 *et seq*;
5. For attorneys' fees, interests and costs of suit under Labor Code §2802
6. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

**Dated: August 16, 2019**              **JAMES HAWKINS, APLC**

  */s/Isandra Y. Fernandez*  
  James R. Hawkins, Esq.  
  Isandra Y. Fernandez, Esq.  
  Attorneys for Plaintiff  
  Sergio Garcia

FIRST AMENDED CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2019 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Eastern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: August 19, 2019              */s/ Isandra Y. Fernandez*
                                    Isandra Y. Fernandez