1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
Kacey E. Cook, Esq. SBN 337905
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiff, SERGIO GARCIA
on behalf of himself and all others similarly situated

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

SERGIO GARCIA on behalf of himself and all
others similarly situated

      Plaintiff,

vs.

TARGET CORPORATION, a Minnesota
corporation, and DOES 1 through 50, inclusive,

      Defendants.

Case No. 2:19-CV-1249-TLN-DB
ASSIGNED FOR ALL PURPOSES TO:
JUDGE: Hon. Troy L. Nunley

**DECLARATION OF JAMES R.
HAWKINS IN SUPPORT OF MOTION
FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Date: September 30, 2021
Time: 2:00 p.m.
Courtroom: 2
Judge: Hon. Troy L. Nunley

- 1 -

JAMES HAWKINS DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1

2

<u>DECLARATION OF JAMES R. HAWKINS</u>

3

I, JAMES R. HAWKINS, declare as follows:

4

      1.     I am an individual over the age of 18.  I am a partner at the Law Firm of James

5

Hawkins APLC.  I am one of the attorneys of record for Plaintiff Sergio Garcia (hereinafter

6

referred to as "Plaintiff").  I have personal knowledge of the facts set forth below and if called to

7

testify I could and would do so competently.

8

      2.     Plaintiff was hired by Target on June 13, 2016. After spending a month as a non-

9

exempt Executive Team Leader in Training ("EIT") at T-2143 (Los Angeles Topanga), plaintiff

10

transferred to T-1307 (Van Nuys), where he worked as an Executive Team Leader-Human

11

Resources ("ETL-HR"), until May 2, 2018.

12

      3.     On April 17, 2019, Plaintiff Sergio Garcia initiated this action in the Superior

13

Court for the County of Sacramento, on behalf of herself and all others similarly situated, styled

14

*Sergio Garcia v. Target Corporation*, Case No. 34-2019-254638. The Complaint asserts causes

15

of action for; (1) failure to pay all wages due; (2) failure to provide compliant meal and rest

16

periods; (3) failure to reimburse business expenses, including cell phone expenses; (4) failure to

17

timely pay final wages; and (5) failure provide accurate itemized wage statements (the "Action").

18

      4.     The day before the Complaint was filed, Plaintiff also submitted to California's

19

Labor and Workforce Development Agency ("LWDA") notice of his claims under the California

20

Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq*.  The

21

LWDA did not indicate within 60 days after receiving the notice that it intended to investigate

22

the allegations.

23

      5.     On July 5, 2019, Target removed the case to this Court.  Thereafter, plaintiff filed

24

a First Amended Complaint with the Court on August 19, 2019, omitting most of the claims

25

asserted in the original complaint. The  only claims that remain are failure to reimburse business

26

expenses- premised on allegations that ETLs and similar positions were required to use their

27

personal cell phones in the performance of their job duties, most notably, in downloading and

28

JAMES HAWKINS DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1   using the GroupMe application to communicate with fellow team members and management—

2   and his derivative Unfair Competition Law ("UCL") and PAGA claims.

3        6.      On February 21, 2020, plaintiff filed a Second Amended Complaint ("SAC")

4   narrowing the proposed class to only include ETLs, and dropping all other positions from the

5   lawsuit. The operative complaint seeks certification of the following class:  All persons who are

6   or were employed by TARGET in the state of California who occupied the position of

7   "Executive Team Leader" within the state of California within four (4) years prior to the date this

8   lawsuit is filed until resolution of this lawsuit.

9        7.      At the very least, the parties agree that all liability to Target cuts off as of

10  December 3, 2018, when Target introduced a new stipend program for ETLs in California that

11  provides ETLs with the opportunity to "receive a monthly stipend of up to $30 that is applied

12  directly to their smartphone bill for work-related use of their eligible personal smartphone". The

13  policy allows an ETL to request additional compensation if the $30 stipend proves insufficient to

14  cover the work-related use.

15       8.       Plaintiff's counsel have conducted significant investigation since the inception of

16  the Action.  Their investigation included reviewing all of Target's relevant policies, procedures

17  and practices, applicable during the class period, in regard to the claims alleged in the Action;

18  reviewing Target's responses to special interrogatories and document requests, along with

19  Target's corresponding document production; and retaining an economic expert to assess detailed

20  payroll data provided by Target.

21       9.      All of this information, obtained through extensive formal discovery and informal

22  discovery in preparation for the parties' mediation, provided the parties with a substantial basis to

23  assess the strengths and weaknesses of their respective positions prior to the parties' mediation.

24       10.     Counsel for the parties further expended extensive time investigating the

25  applicable law, which is constantly evolving as it relates to class certification, plaintiff's claims

26  and damages, and the defenses thereto.  As such, both parties were able to adequately assess the

27  strengths and weaknesses of their relative positions entering the mediation, and thereafter.

28

JAMES HAWKINS DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

11.     On October 20, 2020, the parties participated in a full-day private, arm's-length mediation conducted by Antonio Piazza, of Mediated Negotiations, a preeminent wage-and-hour mediator with considerable experience mediating in California.  At the mediation, the parties debated their legal positions, the likelihood of certification of plaintiff's claims, and the legal bases for the claims and defenses.

12.     At the conclusion of the mediation, the parties were too far apart to reach an agreement, but they agreed to continue settlement discussions. Over the course of the next several months, the parties continued to engage in good-faith, arm's-length bargaining. Ultimately, in January 2021, the parties agreed to resolve this matter on a class-wide basis.

13.     The parties then continued to negotiate over the details of the Settlement during the following several months.  On April 14, 2021, the parties fully executed the Settlement Agreement that they now present to this Court for preliminary approval. (A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1.)

14.     Here, the Class is composed of approximately 3,800 team members, all of whom are readily identifiable from the Class Members' Data.  Because it would be impracticable to join such a large number of employees in a single action, the numerosity requirement is met.

15.     Here, for purposes of this Settlement, the parties agree that Class Members share common legal and factual questions—*e.g.*, whether Target failed to reimburse Class Members for all necessary business expenses in violation of California Labor Code section 2802. Thus, the commonality requirement is met in this case.

16.     Here, plaintiff contends that his claims arise out of the same type of factual and legal circumstances surrounding the claims of each Class Member.  Specifically, plaintiff alleges that all Class Members were required to use their personal cellphones in the performance of their job duties, but that they were not reimbursed for these business expenses.

17.     Here, there are no conflicts of interest between plaintiff and Class Members

18.     Moreover, plaintiff's counsel, who have substantial class action experience, including in actions alleging violations of California Labor Code section 2802, are knowledgeable about the applicable law, have diligently worked to investigate and identify the

- 4 -

potential claims in this action, and will continue to commit their resources to further the interests of the Class.  Counsel for Plaintiff has represented, mediated and settled other employee class actions in wage and hour litigation and have knowledge of the strengths and weaknesses of the claims against Target Corporation and the benefits of the proposed Settlement under the circumstances of the case. Plaintiff's counsel has been certified and approved as class counsel in other wage/hour class actions and is currently litigating numerous others, including; *Mancel v. United Parcel Service, Inc. dba UPS*, LASC No. BC 325902 [Wage and Hour Class Action]; *Acosta v. Fleetwood Travel Trailers of California, Inc.,* et al., RSC, No. RIC 440630 [Wage and Hour Class Action]; *Adame v. Pacific Messenger Service, Inc.*, OCSC No. 05CC00013 [Wage and Hour Class Action]; *Chandler v. Mi Piace, LLP, et al.*, LASC No. BC 337780 [Wage and Hour Class Action]; *Defries v. Domain Restaurants, et al.*, OCSC No. 05CC00128 [Wage and Hour Class Action]; *Denton v. BLB Enterprises, Inc., et al.*, OCSC No. 07CC01292 [Wage and Hour Class Action]; *Maciel v. Orkin Exterminating Company, Inc.*, LASC No. BC 357911 [Wage and Hour Class Action]; *Martinez v. Securitas Security Services USA, et al.*, SCSC No. 105-CV047499, et al. J.C.C.P. No. 4460 [Wage and Hour Class Action]; *Martinez v. Saint-Gobain Containers,* USDC CD Cal. No. SA CV06-00690-CJC [Wage and Hour Class Action]; *McMurray v. Dave and Busters, Inc.*, OCSC No. 06CC00099 [Wage and Hour Class Action]; *Osuna v. DFG Restaurants, Inc., et al.*, LASC No. BC 330145 [Wage and Hour Class Action]; *Padron v. Universal Protection Service*, OCSC No. 05CC00013 [Wage and Hour Class Action]; *Ortiz v. Kmart*, USDC CD Cal. No. SACV 06-638 ODW (Anx) [Wage and Hour Class Action]; *Willems v. Diedrich Coffee, Inc.*, OCSC No. 07CC00015.

19.     While plaintiff believes he has a high probability of success of certifying his claims, plaintiff also recognizes the inherent risks of litigation and understands the benefit of the Class receiving settlement funds immediately rather than risking potential unfavorable decisions on class certification, at trial, on the damages awarded, and/or on an appeal that could take several more years to litigate.  Further, litigating plaintiff's claims, which involve over 3,800 Class Members during the relevant period, would have required substantial additional preparation and discovery, as well as the consideration, preparation and analysis of expert

- 5 -

reports.  Therefore, should litigation have progressed any further, each side would have incurred significant expense.

20.     It is anticipated that Target would have opposed a contested motion for class certification on the grounds that resolution of plaintiff's claims would have required highly individualized analysis of the facts and circumstances of each Class Member's employment.

21.     This risk is heightened by the fact that both parties would have been forced to engage in additional and protracted discovery, would need to take further depositions, and would have needed to conduct additional fact investigations in order to gather further evidence in support of their positions at certification.

22.     Plaintiff estimates that total damages in this case, excluding attorneys' fees and costs, would have been approximately $2,400,000, assuming a $30/month stipend—the same amount Target now provides to its ETLs as a matter of course to cover their cost of their business-related cellphone usage.  Considering the potential recovery *vis-à-vis* the inherent risks of further litigation, including the possibility that Target would prevail on a motion for summary judgment or that no Class would be certified in this action, the amount of the Settlement is well within the range of reasonableness.


I declare under penalty of perjury that the foregoing is true and correct. Executed on this 9 day of August, 2021 at Irvine, California.


*/James R. Hawkins*
James R. Hawkins, Esq.

JAMES HAWKINS DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Settlement" or "Agreement") is made by and between Sergio Garcia ("Plaintiff"), and Target Corporation ("Target"). Plaintiff and Target collectively are referred to in this Agreement as the "Parties," and each as a "Party."

## I.    DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A.    "Action" means the civil action entitled "*Sergio Garcia, on behalf of himself and all others similarly situated, Plaintiff v. Target Corporation, a Minnesota Corporation; and Does 1 through 50, inclusive, Defendants*," No. 2:19-CV-01249, pending before the United States District Court for the Eastern District of California (the "District Court").

B.    "CAFA Notice" means a notice of proposed settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, substantially in the form evidenced by Exhibit F to this Agreement.

C.    "Class" means all persons who are or were employed by Target in the State of California as an Executive Team Leader ("ETL") from April 17, 2015, to December 3, 2018. The Class does not include any individuals who have resolved the claims asserted in the Action, whether by settlement or adjudication. The parties agree that the class described here shall be certified by the District Court for settlement purposes only.

D.    "Class Counsel" means James R. Hawkins and Isandra Y. Fernandez of James Hawkins, APLC.

E.    "Class Counsel Fees and Expenses Payment" means the amount awarded to Class Counsel by the District Court to compensate them for their fees and expenses in connection with the Action, including their pre-filing investigation, their commencement of the Action and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

F.    "Class Members" means all members of the Class.

G.    "Class Notice" means the Notice of Proposed Settlement, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval as evidenced by Exhibit A to this Agreement and incorporated by reference into this Agreement.

H.    "Class Notice Packet" means the Class Notice (Exhibit A) and, as evidenced by the exhibits to this Agreement, the forms of Class Member Settlement Information Sheet (Exhibit B) and Election Not to Participate in Settlement (Exhibit C).

I.      "Class Period" means the period of time from April 17, 2015, to December 3, 2018.

J.      "Class Representative Payment" means the payment made, in addition to his respective Settlement Share, to Plaintiff in his capacity as a Class Representative to compensate him for initiating and pursuing the Action, undertaking the risk of liability for attorneys' fees and expenses in the event he were unsuccessful in the prosecution of the Action, and granting the general release under the Settlement.

K.      "Effective Date" means the date by which all of the following have occurred:

    1.      Target has not voided this Settlement pursuant to section III.E.4. of this Agreement;

    2.      the District Court enters the Judgment; and

    3.      the Judgment becomes Final.

L.      "Final" means the last of the following dates, as applicable:

    1.      The last date on which a notice of appeal from the Judgment may be filed, and none is filed.

    2.      If a timely appeal from the Judgment is filed, the later of the following dates:

        a.      the last date by which a petition for *certiorari* to the U.S. Supreme Court of a decision by the Ninth Circuit Court of Appeals affirming the Judgment may be filed, and none is filed; *or*

        b.      if a petition for *certiorari* to the U.S. Supreme Court seeking review of the Judgment of the Ninth Circuit Court of Appeals' decision on an appeal from the Judgment is timely filed, the date on which the U.S. Supreme Court renders its decision denying the petition (where the immediately lower court affirmed the Judgment) or affirming the Judgment.

M.      "Final Approval Hearing" means the hearing to be conducted by the District Court to determine whether to approve finally and implement the terms of this Agreement.

N.      "Judgment" means the Order Granting Final Approval of Class Action Settlement and Entering Final Judgment entered by the District Court in substantially the same form evidenced by Exhibit G to this Agreement and incorporated by reference into this Agreement.

O.      "LWDA Payment" means the amount payable from the Maximum Settlement Amount to the California Labor and Workforce Development Agency (the

"LWDA") as specified in section III.C.3. of this Agreement.  The LWDA Payment is $30,000.

P.   "Maximum Settlement Amount" means the maximum amount to be paid by Target as provided by this Agreement.  The Maximum Settlement Amount is $650,000.

Q.   "Net Settlement Amount" means the Maximum Settlement Amount, less (as approved by the District Court) (i) the LWDA Payment; (ii) the Class Representative Payment; (iii) the Class Counsel Fees and Expenses Payment and (iv) the Settlement Administrator's fees and expenses.

R.   "PAGA" means the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.*

S.   "PAGA Allocation" means the amount payable from the Maximum Settlement Amount for the settlement of Plaintiff's claims under PAGA.  The PAGA Allocation is $40,000.

T.   "PAGA Notice" means a notice of proposed settlement pursuant to PAGA, substantially in the form evidenced by Exhibit E to this Agreement.

U.   "Preliminary Approval of the Settlement" means the District Court's preliminary approval of the Settlement without material change, or with material changes to the Settlement to which the Parties agree.

V.   "Settlement Administrator" means the administrator proposed by the Parties and appointed by the District Court to administer the Settlement.

W.   "Settlement Share" means the portion of the Net Settlement Amount allocable to each Class Member as provided by this Agreement.

X.   "Target's Counsel" means Jeffrey D. Wohl and Eric D. Distelburger of Paul Hastings LLP.

II.   **RECITALS**

A.   On April 16, 2019, Plaintiff gave notice to the LWDA of his allegations against Target in the Action pursuant to PAGA.  The LWDA did not indicate within 60 days after receiving the notice that it intended to investigate the allegations.

B.   On April 17, 2019, Plaintiff filed a state court action in the Superior Court of the State of California, County of Sacramento, entitled "*Sergio Garcia, on behalf of himself and all others similarly situated, Plaintiff v. Target Corporation, a Minnesota Corporation; and Does 1 through 50, inclusive, Defendants*," No. 34-2019-00254638-CU-OE-GDS, alleging that he was misclassified as an exempt employee and subjected to various wage-and-hour violations, including Target's failure to pay all wages due, provide meal and rest periods, reimburse business

expenses timely pay final wages, and provide accurate itemized wage statements. On July 5, 2019, Target removed the Action to the District Court pursuant to diversity-of-citizenship jurisdiction, as modified by CAFA.  On August 19, 2019, Plaintiff filed a first amended complaint, dropping all of his claims except his claim that Target failed to reimburse Plaintiff for business expenses under California Labor Code section 2802.  In addition, Plaintiff asserted derivative claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"), and PAGA.  On February 21, 2020, Plaintiff filed a second amended complaint, narrowing the proposed class to only include ETLs.

C.     Target denies all of Plaintiff's material allegations in the Action.  Specifically, Target contends, among other things, that Plaintiff did not incur any necessary and reasonable expenses for which he was owed reimbursement; that there is no basis to award penalties; that a class could not be appropriately certified in the Action; and if a class were certified, Target's defenses to Plaintiff's claims would be applicable to the claims of the class.

D.     On October 20, 2020, the Parties participated in a mediation presided over by Antonio Piazza of Mediated Negotiations.  In advance of the mediation, Target took the deposition of Plaintiff; the parties produced documents to each other; and Target provided Class Counsel with payroll data.  Following the mediation, after continued settlement negotiations, each side, represented by its respective counsel, recognized the substantial risk of an adverse result in the Action and agreed to settle the Action, and all other matters covered by this Agreement, pursuant to the terms and conditions of this Agreement.  This Agreement replaces and supersedes any other agreements, understandings, or representations between the Parties.

E.     This Agreement represents a compromise and settlement of highly disputed claims.  Nothing in this Agreement is intended or will be construed as an admission by Target that Plaintiff's claims in the Action have merit or that it has any liability to Plaintiff or the Class on those claims.

Based on these Recitals, the Parties agree as follows:

III.   **SETTLEMENT TERMS AND CONDITIONS**

A.     **Maximum Settlement Amount.**

1.     Subject to the terms and conditions of this Agreement, the Maximum Settlement Amount that Target may be obligated to pay in connection with the Settlement of the Action is $650,000.00.  This amount will cover (as approved by the District Court) (i) the LWDA Payment; (ii) all Settlement Shares paid to Class Members; (iii) the Class Representative Payment; (iv) the Class Counsel Fees and Expenses Payment; and (v) the Settlement Administrator's fees and expenses;.  Target will not be required to pay the Maximum Settlement Amount unless and until (i) the Judgment becomes

4

Final and (ii) the Action is dismissed by the District Court with prejudice pursuant to the Parties' stipulation.  Once those conditions are satisfied, Target will pay the Maximum Settlement Amount within 10 days after the later of those two events occurs.

B.    **Settlement Shares.**  Subject to the terms and conditions of this Agreement, the Settlement Administrator will allocate Settlement Shares from the Net Settlement Amount to Class Members as follows:

1.    **Calculation.**

a.    Each Class Member's Settlement Share will equal the Net Settlement Amount times the ratio of the number of workweeks worked by the Class Member for Target as an ETL in California during the Class Period to the total number of workweeks worked by all such Class Members for Target as ETLs in California during the Class Period (other than those who elected not to participate in the Settlement).

b.    For purposes of these calculations, a partial workweek will be rounded to the nearest whole workweek, except if a Class Member worked only a partial workweek during the applicable Class Period, the Class Member will be credited with a whole workweek.

2.    **Treatment.**

a.    75% of each Settlement Share will be treated as a payment in settlement of the Class Member's claims for unpaid expense reimbursements.

b.    25% of each Settlement Share will be treated as a payment in settlement of the Class Member's claims for interest and penalties.

c.    Because the Settlement Shares are not for claims of lost wages but instead claims for unreimbursed expenses and penalties, they will not be reduced by payroll tax withholding and deductions; instead, the Settlement Administrator will issue to the Class Member Forms 1099-INT and 1099-MISC with respect to the payment of the Settlement Shares.

3.    **Effect of Class Members Who Elect Not to Participate in Settlement on Others' Settlement Shares.**  A Class Member who elects not to participate in the Settlement will not participate in or be bound by the Settlement; that Class Member's workweeks will not be included in the calculations of Settlement Shares for those Class Members who remain in the Class; and the Settlement Share that otherwise would have been payable to such a Class Member will be retained in the Net Settlement

5

Amount for distribution to all other Class Members who remain in the Class.

C.     **Payments to Plaintiff, Class Counsel, LWDA, and Settlement Administrator.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Maximum Settlement Amount as follows:

1.     **To Plaintiff:**  In addition to his Settlement Share, Plaintiff will apply to the District Court for an award of not more than $5,000 as his Class Representative Payment in consideration of his initiating and pursuing the Action, undertaking the risk of liability for attorneys' fees and expenses in the event he was unsuccessful in the prosecution of the Action, and granting the general release he is granting as part of the Settlement. Target will not join in, but will not oppose, Plaintiff's request for a Class Representative Payment of up to $5,000.  The Settlement Administrator will pay the Class Representative Payment approved by the District Court out of the Maximum Settlement Amount.  If the District Court approves Class Representative Payments of less than $5,000 total, the remainder will be retained in the Net Settlement Amount.  Payroll tax deductions and withholdings will not be taken from the Class Representative Payment, and instead a Form 1099-MISC will be issued to Plaintiff with respect to this payment.

2.     **To Class Counsel:**  Class Counsel will apply to the District Court for an award of (i) attorneys' fees of not more than $216,645 (33.33% of the Maximum Settlement Amount and (ii) costs and litigation expenses not to exceed $15,000 incurred in the Action by Class Counsel as their Class Counsel Fees and Expenses Payment.  Target will not join in, but will not oppose, Class Counsel's request for a Class Counsel Fees and Expenses Payment of this amount.   The Settlement Administrator will pay the amount approved by the District Court out of the Maximum Settlement Amount.  If the District Court approves Class Counsel Fees and/or Class Counsel costs and litigation expenses of less than amounts set forth herein, the remainder will be retained in the Net Settlement Amount.  The awarded Class Counsel Fees and Expenses Payment will be the entire amount of attorneys' fees and expenses to which Class Counsel will be entitled in connection with the Action.   Payroll tax deductions and withholdings will not be taken from the Class Counsel Fees and Expenses Payment, and instead a Form 1099-MISC will be issued to Class Counsel.

3.     **To LWDA:**  The Parties have agreed that $40,000 of the Maximum Settlement Amount will be allocated to the settlement of the PAGA claim for civil penalties (the "PAGA Allocation").  Of the PAGA Allocation, 75% or $30,000 will be paid to the LWDA (the "LWDA Payment"), and 25% or $10,000 will be included in the Net Settlement Amount. The Settlement Administrator will pay the PAGA Allocation approved by the

6

District Court out of the Maximum Settlement Amount.  If the District Court approves a PAGA Allocation of less than $40,000, the remainder will be retained in the Net Settlement Amount.

4. **To the Settlement Administrator:**  The Settlement Administrator will pay to itself out of the Maximum Settlement Amount its reasonable fees and expenses as approved by the District Court, not to exceed $25,000.

D. **Appointment of Settlement Administrator.**  The Parties will ask the District Court to appoint a mutually acceptable Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation.  The Settlement Administrator's duties will include preparing, printing, and mailing to all Class Members the Class Notice Packet; conducting a National Change of Address search and using Accurint and other reasonable and cost-effective skip trace methods to locate any Class Member whose Class Notice Packet was returned by the U.S. Postal Service as non-deliverable, and re-mailing the Class Notice Packet to the Class Member's new address; setting up a toll-free telephone number to receive calls from Class Members; receiving completed Elections Not to Participate in Settlement; providing the Parties with weekly status reports about the delivery of Class Notice Packets and receipt of Elections Not to Participate in Settlement; calculating Settlement Shares; issuing the checks to effectuate the payments due under the Settlement; and otherwise administering the Settlement pursuant to this Agreement.  The Settlement Administrator will resolve all disputes concerning the calculation of a Class Member's Settlement Share, subject to the dollar limitations set forth in this Agreement, and the Settlement Administrator's decision may be modified or reversed by the District Court only upon a showing of abuse of discretion.  The Settlement Administrator's reasonable fees and expenses, including the cost of printing and mailing the Class Notice Packet, will be paid out of the Maximum Settlement Amount.

E. **Procedure for Approving Settlement.**

1. **Motion for Preliminary Approval.**

a. The Parties jointly will file a motion (the "Motion for Preliminary Approval") with the District Court for an order (as evidenced by Exhibit D to this Agreement) granting Preliminary Approval of the Settlement, conditionally certifying the Class, setting a date for the Final Approval Hearing, appointing Plaintiff as Class Representative and his counsel of record in the Action as Class Counsel, and approving the Class Notice (as evidenced by Exhibit A to this Agreement) and the forms of Class Member Settlement Information Sheet and Election Not to Participate in Settlement (as evidenced by Exhibits B and C to this Agreement).

b.      Pursuant to PAGA, concurrently with filing the Motion for Preliminary Approval, Target will submit to the LWDA the PAGA Notice enclosing this Agreement (as evidenced by Exhibit E to this Agreement). The Parties intend and believe that providing notice of this Settlement to the LWDA pursuant to the procedures described in this section complies with the requirements of PAGA, and will request the District Court to adjudicate the validity of the PAGA Notice in the motion for final approval of the Settlement and bar any claim to void or avoid the Settlement under PAGA.

c.      Pursuant to CAFA, within 10 days after the Parties file the Motion for Preliminary Approval, Target will mail the CAFA Notice to the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides at the time of notice (as evidenced by Exhibit F to this Agreement). The Parties intend and believe that the CAFA Notice pursuant to the procedures described in this section complies with the requirements of CAFA; and will request the District Court to adjudicate the validity of the CAFA Notice in the motion for final approval of the Settlement and bar any claim to void or avoid the Settlement under CAFA.

d.      At the hearing on the Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the motion, and submit an order granting the motion in the form evidenced by Exhibit D to this Agreement.

e.      Should the District Court decline to preliminarily approve all material aspects of the Settlement, or order material changes to the Settlement to which the Parties do not agree, the Settlement will be null and void and the Parties will have no further obligations under it. An order awarding less than what was sought for Class Representative Payment, the LWDA Payment, and Class Counsel Fees and Expenses will not be a material modification of the Settlement.

2.      **Notice to Class Members.** After the District Court enters its order granting Preliminary Approval of the Settlement, every Class Member will be provided with the Class Notice Packet (which will include the Class Notice completed to reflect the order granting Preliminary Approval of the Settlement, the Class Member Settlement Information Sheet completed to show the Class Member's information, and the form of Election Not to Participate in Settlement), as follows:

a.      Within 30 days after the District Court enters its order granting Preliminary Approval of the Settlement, Target will provide to the Settlement Administrator an electronic database for the Class

Members containing, for each Class Member, the Class Member's name, employee identification number, last known address, Social Security number, and number of workweeks worked as an ETL in California during the Class Period (the "Class Members' Data"), and will provide to Class Counsel the name and address of every Class Member.  If any or all of the Class Members' Data are unavailable to Target, Target will use best efforts to deduce or reconstruct the Class Members' Data prior to when it must be submitted to the Settlement Administrator.  This information will otherwise remain confidential and will not be disclosed to anyone, except in order to carry out the reasonable efforts described in section III.E.2.c. of this Agreement, or pursuant to Target's express written authorization or by order of the District Court.

b.      Within 15 days after receiving the Class Members' Data, the Settlement Administrator will mail the Class Notice Packet to all identified Class Members via first-class regular U.S. Mail using the mailing address information provided by Target, unless modified by any updated address information that the Settlement Administrator obtains in the course of administering the Settlement.

c.      If a Class Notice Packet is returned because of an incorrect address, the Settlement Administrator will promptly, and not later than 15 days from receipt of the returned packet, search for a more current address for the Class Member using Accurint and other reasonable and cost-effective skip trace methods, and re-mail the Class Notice Packet to the Class Member.  The Settlement Administrator will use the Class Members' Data and otherwise work with Target to find a more current address.  The Settlement Administrator will be responsible for taking reasonable steps, consistent with its agreed-upon job parameters, court orders, and fee, as agreed to with Class Counsel and according to the following deadlines, to trace the mailing address of any Class Member for whom a Class Notice Packet is returned by the U.S. Postal Service as undeliverable.  These reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address; and promptly re-mailing to Class Members for whom new addresses are found.  If the Class Notice Packet is re-mailed, the Settlement Administrator will note for its own records the date and address of each such re-mailing.

d.      Each week, the Settlement Administrator will provide to Class Counsel and Target's Counsel a report showing whether any Class Notice Packets have been returned and re-mailed and the receipt of any completed Elections Not to Participate in Settlement.  The

9

Settlement Administrator's final report on Elections Not to Participate received from Class Members will be delivered to the Parties not later than 7 days after the close of the 45-day period for Elections Not to Participate to be submitted.

e.      Not later than 35 days prior to the Final Approval Hearing, the Settlement Administrator will serve on the Parties and file with the District Court a declaration of due diligence setting forth its compliance with its obligations under this Agreement.  Prior to the Final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

3.      **Dispute of Settlement Information; Objections to Settlement; Elections Not to Participate in Settlement.**  Class Members may dispute the information in their Class Member Settlement Information Sheet, raise objections to the Settlement, or submit Elections Not to Participate in Settlement pursuant to the following procedures:

a.      **Settlement Information.**  If a Class Member disputes the information shown on his or her Class Member Settlement Information Sheet, by not later than 45 days after the Class Notice Packet was mailed the Class Member must ask the Settlement Administrator to resolve the matter by returning the sheet with the information that he or she contends is correct and including with the sheet any documentation the Class Member has to support his or her contention.  In the event of such a dispute, the Settlement Administrator will have the right to demand additional information from the Class Member, and Target will have the right to review its payroll and personnel records to verify the corrected information, and Target's records will have a rebuttable presumption of correctness.  After consultation with Class Counsel, the Class Member and Target, the Settlement Administrator will make a determination of the correct information, and that determination will be final, binding on the Parties and the Class Member, and non-appealable, unless the District Court finds the Settlement Administrator's decision to have been an abuse of discretion.

b.      **Objection to Settlement.**  A Class Member who wishes to object to the Settlement must file with the District Court and serve on counsel for the Parties not later than 45 days after the Settlement Administrator mails the Class Notice Packet a written objection to the Settlement setting forth the grounds for the objection; and must file with the District Court and serve on the Settlement Administrator a written objection to the request for the Class Representative Payment or the Class Counsel Fees and Expenses

10

Payment not later than the deadline for opposing a motion for an award of those payments, which objection the Settlement Administrator shall promptly serve on counsel for the Parties  The objection must also indicate whether the Class Member intends to appear at the Final Approval Hearing; the failure to do so will constitute a waiver of the right to appear at the hearing.  Class Members who do not file and serve written objections in the manner and by the deadline specified herein will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement or other related matters.  Class Counsel and Target's counsel may file a response to any objection within 14 court days before the Final Approval Hearing.

c.   **Election Not to Participate in Settlement.**  A Class Member who wishes to exclude herself or himself from the Settlement must mail to the Settlement Administrator a signed Election Not to Participate in Settlement as evidenced by Exhibit C to this Agreement postmarked no later than 45 days after the Settlement Administrator mails the Class Notice Packet.  If a question is raised about the authenticity of a signed Election Not to Participate in Settlement, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity.  A Class Member who submits a timely Election Not to Participate in Settlement will not participate in or be bound by the Settlement and the Judgment and will not receive a Settlement Share, but will retain the right, if any, he or she may have to pursue a claim against Target.  Class Members who do not complete and mail a timely Election Not to Participate in Settlement in the manner and by the deadline specified above automatically will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the District Court, and by the Judgment, regardless of whether they have objected to the Settlement.

d.   **Report.**  Not later than 7 days after the deadline for submission of Elections Not to Participate in Settlement, the Settlement Administrator will provide the Parties with a complete and accurate list of all Class Members who submitted timely and valid Elections Not to Participate in Settlement.

4.   **Target's Right to Rescind Settlement.**  If 5% or more of all Class Members, or a number of Class Members whose Settlement Shares represent 5% or more of the Settlement Shares of all Class Members, elect not to participate in the Settlement, Target will have the right, but not the obligation, to rescind the Settlement, in which case the Settlement will be null and void and have no effect; the Parties will have no further obligations under the Settlement, including any obligation by Target to

11

pay the Maximum Settlement Amount, or any amounts that otherwise would have been owed under this Agreement, except that Target will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that Target exercises its right to void the Settlement; and the Parties will stipulate to restore the proceedings in the Action to the *ante quo*. Target will notify Class Counsel and the District Court whether it is exercising this right to void not later than 10 days after the Settlement Administrator notifies the Parties of the final number of valid Elections Not to Participate in Settlement.

5. **No Solicitation of Objection, Appeal, or Election Not to Participate in Settlement.** Neither the Parties nor their respective counsel will solicit or otherwise encourage directly or indirectly any Class Member to object to the Settlement, appeal from the Judgment, or elect not to participate in the Settlement.

6. **Additional Briefing and Final Approval.**

   a. Not later than 28 days before the Final Approval Hearing, the Parties jointly will file with the District Court a motion for an order (as evidenced by Exhibit G to this Agreement) granting Final Approval of the Settlement and payment of the LWDA Payment and the Settlement Administrator's reasonable fees and expenses (the "Motion for Final Approval"); and Plaintiff and Class Counsel will serve on Target and file with the District Court a motion for awards of the Class Representative Payment and the Class Counsel Fees and Expenses Payment pursuant to this Settlement.

   b. If any opposition to the Parties' Motion for Final Approval is filed, not later than 14 days before the Final Approval Hearing, the Parties jointly may file a reply in support of their motion for final approval of the Settlement, the LWDA Payment, and payment of the Settlement Administrator's reasonable fees and expenses to the extent that any opposition to the motion is filed; and Plaintiff and Class Counsel may file replies in support of their motions for the Class Representative Payment and the Class Counsel Fees and Expenses Payment.

   c. If the District Court does not grant final approval of the Settlement or grants final approval conditioned on any material change to the Settlement to which the Parties do not agree, then either Party will have the right to void the Settlement; if that occurs, the Parties will have no further obligations under the Settlement, including any obligation by Target to pay the Maximum Settlement Amount, except that the Party exercising the right to void the Settlement under this paragraph will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that the Party

exercised that right.  However, an award by the District Court of a lesser amount than that sought by Plaintiff and Class Counsel for the Class Representative Payment or the Class Counsel Fees and Expenses Payment will not constitute a material change to the Settlement within the meaning of this paragraph.

d.      Upon final approval of the Settlement by the District Court, the Parties will present to the District Court for its approval and entry the Judgment in substantially the form evidenced by Exhibit G to this Agreement.  After entry of the Judgment, the District Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-judgment matters as may be appropriate under court rules or applicable law.

7.      **Waiver of Right to Appeal.**  Provided that the Judgment is consistent with the material terms of this Agreement, Plaintiff, Class Members who did not timely submit an objection to the Settlement, Target, and their respective counsel hereby waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate judgment, a motion for new trial, and any extraordinary writ, and the Judgment therefore will become non-appealable at the time it is entered.  The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings.  This paragraph does not preclude Plaintiff or Class Counsel from appealing from a refusal by the District Court to award the full Class Representative Payment or the Class Counsel Fees and Expenses Payment sought by them, but not the approval of the Settlement otherwise.  If an appeal is taken from the Judgment, the time for consummating the Settlement (including making payments under the Settlement) will be suspended until such time as the appeal is finally resolved and the Judgment becomes Final, as defined in this Agreement.

8.      **Vacation, Reversal, or Material Modification of Judgment on Appeal or Review.**  If, after a notice of appeal or a petition for review, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Judgment such that there is a material change to the Settlement, and that court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher court, then either Plaintiff or Target will have the right to void the Settlement, which the Party must do by giving written notice to the other Parties, the reviewing court, and the District Court not later than 30 days after the reviewing court's decision vacating, reversing, or materially modifying the Judgment becomes Final.  A vacation, reversal, or modification of the District Court's award of the Class Representative Payment or the Class Counsel Fees and Expenses Payment will not constitute a vacation, reversal, or

13

material modification of the Judgment within the meaning of this paragraph.

9.   **Timing of Settlement Payments.**  Within 7 days after receipt of the Maximum Settlement Amount, the Settlement Administrator will pay to Class Members the Settlement Shares; to Plaintiff, the Class Representative Payment; to Class Counsel, the Class Counsel Fees and Expenses Payment; to the LWDA, the LWDA Payment; and to the Settlement Administrator, its reasonable fees and expenses.

10.   **Uncashed Settlement Share Checks.**  A Class Member must cash his or her Settlement Share check within 180 calendar days after it is mailed to him or her.  If a check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the Class Member at his or her correct address.  If any Class Member's Settlement Share check is not cashed within 120 days after its last mailing to the Class Member, the Settlement Administrator will send the Class Member a letter or postcard informing him or her that unless the check is cashed in the next 60 days, it will expire and become non-negotiable, and offering to replace the check if it was lost or misplaced but not cashed.  To the extent there is any payment made to a Class Member that remains uncashed 180 days after mailing, the funds represented by the uncashed check will be delivered to the California State Controller's Office, Unclaimed Property Division, in the name of the Class Member.  As the Settlement is non-reversionary and all amounts payable from the Settlement are accounted for by means of this Agreement, the Parties agree that there will be no unpaid residual and that California Code of Civil Procedure section 384 and its instruction for the disposition of unpaid residual settlement funds is inapplicable.

F.   **Release and Waiver of Claims.**

1.   **Plaintiff.**  Once the Judgment becomes Final, and in consideration of his Settlement Share, his awarded Class Representative Payment, and the other terms and conditions of the Settlement, Plaintiff releases any and all claims against Target and each of its former and current parent companies, subsidiaries, and affiliated corporations and entities, and each of their respective former and current employees, officers, directors, agents, attorneys, shareholders, fiduciaries, other service providers, and related persons and entities, and assigns (collectively, the "Target Released Parties").  These released claims (the "Plaintiff's Released Claims"), include, but are not limited to, any and all claims that were raised or that could have been raised in the Action; those released by Class Members as set forth below; and those arising from or related to Plaintiff's employment with Target.  Plaintiff's Released Claims include all such claims arising through the date and time that Plaintiff signs this Agreement.

14

2. **Class Members.** Once the Judgment becomes Final, and in consideration of their Settlement Shares and the other terms and conditions of the Settlement, each Class Member who does not complete and mail a timely Election Not to Participate in Settlement releases any and all claims against the Target Released Parties raised in the Action or that could have been raised as of the date of entry of the Judgment based on the factual allegations made in the Action or otherwise based on or related to allegations that Target failed to reimburse business expenses. Such claims include, but are not necessarily limited to, claims for reimbursement of expenses under California Labor Code section 2802; civil penalties under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, based on the above alleged California Labor Code violation; any other associated statutory or civil penalties, whether recovery is founded on federal, state, or municipal law; and any associated claim for interest, attorneys' fees, or costs (the "Class Members' Released Claims"). The Class Members' Released Claims include all such claims, whether known or unknown by the Class Members or any of them.

3. **Class Counsel.** In consideration of their awarded Class Counsel Fees and Expenses Payment, Class Counsel and any counsel associated with Class Counsel hereby fully and finally release the Target Released Parties of any and all claims to any further attorneys' fees and expenses in the Action (the "Class Counsel's Released Fees"). The Class Counsel's Released Fees include all such claims, whether known or unknown by Class Counsel or any of them in the Action.

4. **Release of Unknown Claims.** The Plaintiff's Released Claims and the Class Counsel's Released Claims include all such claims, whether known or unknown. Thus, even if Plaintiff or Class Counsel discovers facts in addition to or different from those that he or she now knows or believes to be true with respect to the subject matter of his or respective release of claims, those claims will remain released and forever barred. Therefore, once the Judgment becomes Final, Plaintiff and Class Counsel expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code, with respect to their applicable release of claims, which reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

G. **No Effect on Other Benefits.** The Settlement Shares will not result in any additional benefit payments (such as 401(k) or bonus) beyond those provided by this Agreement to Plaintiff or Class Members, and Class Members will be deemed

to have waived all such claims, whether known or unknown by them, as part of their release of claims under this Agreement.

H. **Limitation on Public Statements about Settlement.** Neither Plaintiff nor Class Counsel will issue any press or other media releases or have any communication with the press or media regarding the Settlement except as specifically authorized by Target. If Plaintiff or Class Counsel disclose to any non-party (i) that a settlement has been reached or (ii) any of the terms of the Settlement, before the Settlement is preliminarily approved by the District Court, Target may rescind the Settlement, rendering it null and void. This paragraph is not intended to preclude Class Counsel from having communications about the Settlement or posting documents about the case from the Court's docket on Class Counsels' respective websites after the District Court grants Preliminary Approval of the Settlement.

I. **Miscellaneous Terms.**

    1. **No Admission of Liability or Class Certification for Other Purposes.**

        a. Target denies that it has engaged in any unlawful activity, has failed to comply with the law in any respect, or has any liability to anyone under the claims asserted in the Action, or that but for the Settlement a class should be certified in the Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Target, or an admission by Plaintiff that any of his claims were non-meritorious or any defense asserted by Target was meritorious. This Settlement and the fact that Plaintiff and Target were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

        b. Target has agreed not to contest the certification of the Class for the sole purpose of effectuating this Settlement. Should the Settlement be voided by either Party pursuant to this Agreement, or not approved by the District Court, or should the Judgment not become Final, the certification of the Class will be deemed null; and the fact that Target was willing not to contest class certification as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether the Class should be certified in a non-settlement context in the Action or any other action.

        c. Whether or not the Judgment becomes Final, nothing in the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, or any reports or accounting of those matters, will be (i) construed as,

offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Target or any of the other Target Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Target Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Target Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

d.     This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement, or in defense of any claims released or barred by this Agreement. The prevailing party in any action to enforce this Agreement shall be entitled to its reasonable attorneys' fees and costs. The District Court will retain jurisdiction to enforce the terms of this Agreement.

2.     **Acknowledgment.** Plaintiff will acknowledge to the District Court in the Motion for Preliminary Approval and the Motion for Final Approval that since December 3, 2018, Target has provided ETLs in California with the opportunity to receive a monthly stipend of up to thirty dollars ($30) for the work-related use of their personal smartphones, and the opportunity to request additional expense reimbursement if the $30 stipend proves insufficient to cover their work-related use of their personal smartphones. Plaintiff will further acknowledge that because of this stipend, all liability to Target for the claims asserted in the Action cuts off as of December 3, 2018.

3.     **Integrated Agreement.** After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

4.     **Attorney Authorization.** Class Counsel and Target's Counsel warrant and represent that they are authorized by Plaintiff and Target, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any

17

document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the District Court, and in all cases all such documents, supplemental provisions and assistance of the District Court will be consistent with this Agreement.

5. **Modification of Agreement.**  This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors-in-interest.

6. **Agreement Binding on Successors.**  This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

7. **Applicable Law.**  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles.

8. **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

9. **Fair Settlement.**  The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arm's-length negotiations, taking into account all relevant factors, current and potential.

10. **Headings.**  The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

11. **Notice.**  All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by U.S. Mail, addressed as follows:

18

*To Plaintiff and the Class*:
James R. Hawkins
Isandra Fernandez
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
E-mail:   james@jameshawkinsaplc.com
          isandra@jameshawkinsaplc.com

*To Target*:

Jeffrey D. Wohl
Eric D. Distelburger
Paul Hastings LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
E-mail:  jeffwohl@paulhastings.com
         ericdistelburger@paulhastings.com

12.   **Execution in Counterpart.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves original signed counterparts.  Facsimile and electronic signatures will be accepted if the original signature is provided within seven days.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

## IV.   EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated:  March __12__, 2021.          SERGIO GARCIA

_____
Sergio Garcia

Dated:  March ____, 2021.          TARGET CORPORATION

By:  _____
Sandra L. Schlafge
Senior Director and Assistant General Counsel,
Employee Relations

Dated:  March __12__, 2021.          JAMES R. HAWKINS
                                     JAMES HAWKINS, APLC

By:  _____
James R. Hawkins
Attorneys for Plaintiff
Sergio Garcia

19

April 14

Dated: March ___, 2021.

JEFFREY D. WOHL
ERIC D. DISTELBURGER
PAUL HASTINGS LLP

By: _____
Jeffrey D. Wohl
Attorneys for Defendant
Target Corporation

20

**EXHIBIT A**

[NOTICE OF PROPOSED SETTLEMENT, CONDITIONAL CERTIFICATION OF
SETTLEMENT CLASS, PRELIMINARY APPROVAL OF SETTLEMENT, AND
HEARING DATE FOR FINAL COURT APPROVAL]

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND
## FINAL APPROVAL HEARING

To:   All persons who are or were employed by Target in the State of California as an Executive Team Leader ("ETL") from April 17, 2015, to December 3, 2018 (the "Class Period"); and excluding those individuals who have resolved the claims asserted in this Action, whether by settlement or adjudication.

## PLEASE READ THIS NOTICE CAREFULLY

IT MAY AFFECT YOUR LEGAL RIGHTS TO MONEY YOU MAY BE OWED IN CONNECTION WITH YOUR EMPLOYMENT BY TARGET.  IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST RETURN YOUR COMPLETED ELECTION NOT TO PARTICIPATE IN SETTLEMENT, DATED, SIGNED, AND POSTMARKED BY NOT LATER THAN ██████████, 2021, OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.

IF YOU WISH TO RECEIVE A SHARE OF THE SETTLEMENT PROCEEDS, READ THE ENCLOSED CLASS MEMBER SETTLEMENT INFORMATION SHEET AND CONFIRM THAT YOUR IDENTIFYING INFORMATION AND THE INFORMATION ABOUT YOUR EMPLOYMENT WITH TARGET IS CORRECT.  IF IT IS CORRECT, YOU DO NOT NEED TO TAKE ANY FURTHER ACTION.  YOU WILL RECEIVE YOUR SHARE OF THE SETTLEMENT IF THE COURT GRANTS FINAL APPROVAL OF THE SETTLEMENT.

IF THE CLASS MEMBER SETTLEMENT INFORMATION SHEET SHOWS INCORRECT INFORMATION, PLEASE CORRECT THE INFORMATION AND DATE, SIGN, AND RETURN THE CLASS MEMBER SETTLEMENT INFORMATION SHEET WITH ANY SUPPORTING DOCUMENTATION TO THE SETTLEMENT ADMINISTRATOR IN ACCORDANCE WITH THE INSTRUCTIONS IN THIS NOTICE POSTMARKED ON OR BEFORE ██████████, 2021.

IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

PURSUANT TO THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA (THE "COURT"), ENTERED ON ██████████, 2021, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

## WHAT IS THIS NOTICE ABOUT?

A proposed settlement (the "Settlement") has been reached between plaintiff Sergio Garcia ("Plaintiff") and defendant Target Corporation ("Target"), in the class action pending in the Court (the "Action") brought on behalf of the following individuals (the "Class"):

> All persons who are or were employed by Target in the State of California as an Executive Team Leader ("ETL") from April 17, 2015, to December 3, 2018; and excluding those individuals who have resolved the claims asserted in this Action, whether by settlement or adjudication.

The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only.  You have received this notice because Target records indicate that you are a member of the Class.  This notice is designed to inform you of how you can object to the Settlement, elect not to participate in the Settlement, or provide corrected information to the Settlement Administrator.  Unless you submit an election not to participate in the Settlement, the Settlement if finally approved by the Court will be binding upon you.

## WHAT IS THIS LAWSUIT ABOUT?

The Action, which is currently pending in the United States District Court for the Eastern District of California (the "Court"), is titled "*Sergio Garcia, on behalf of himself and all others similarly situated, Plaintiff v. Target Corporation, a Minnesota Corporation; and Does 1 through 50, inclusive, Defendants,*" U.S.D.C., E.D. Cal., No. 2:19-CV-0124.

In the Action, Plaintiff alleges that Target failed to reimburse for business expenses, specifically, expenses incurred in the use of a personal smart phone for business purposes.  Based on these allegations, Plaintiff asserts claims under California Labor Code section 2802 and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*  Plaintiff seeks the recovery of unreimbursed expenses; statutory penalties; civil penalties under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*; prejudgment interest; and attorneys' fees and costs.  Plaintiff sues on behalf of himself and the Class.

Target denies all of Plaintiff's material allegations.  Specifically, Target contends, among other things, that Plaintiff did not incur any necessary and reasonable expenses for which he was not reimbursed or was paid all such expenses; that there is no basis to award penalties; that a class could not be appropriately certified in the Action; and if a class were certified, Target's defenses to Plaintiff's claims would be applicable to the claims of the class.

After good-faith negotiations, in which both sides recognized the substantial risk of an uncertain outcome, Plaintiff and Target agreed to settle the Action pursuant to the terms and conditions of the Settlement.

The Settlement represents a compromise and settlement of highly disputed claims.  Nothing in the Settlement is intended or will be construed as an admission by Target that Plaintiff's claims in the Action have merit or that it has any liability to Plaintiff or the Class on those claims.  On the contrary, Target denies any and all such liability.

The parties and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation.  The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class.

### SUMMARY OF THE SETTLEMENT

## WHO IS INCLUDED IN THE SETTLEMENT?

You are included in the Settlement if you fall within the following definition:

All persons who are or were employed by Target in the State of California as an Executive Team Leader ("ETL") from April 17, 2015, to December 3, 2018; and excluding those individuals who have resolved the claims asserted in this Action, whether by settlement or adjudication.

## WHAT WILL I RECEIVE FROM THE SETTLEMENT?

1.   Target will pay $650,000.00 as the Maximum Settlement Amount.  The Maximum Settlement Amount will fund all payments to be made under the Settlement.

2.   Out of the Maximum Settlement Amount, Target will pay to each Class Member who does not submit a valid and timely Election Not to Participate in Settlement a Settlement Share that is calculated as follows:

> Each Class Member's Settlement Share will equal the Net Settlement Amount times the ratio of the number of workweeks worked by the Class Member for Target as an ETL in California during the Class Period to the total number of workweeks worked by all such Class Members for Target as ETLs in California during the Class Period (other than those who elected not to participate in the Settlement).

> A Class Member who elects not to participate in the Settlement will not participate in or be bound by the Settlement; will not receive a Settlement Share; and will not be included with those other Class Members counted for purposes of the calculation of Settlement Shares.  The Settlement Share that otherwise would have been payable to such a Class Member will be retained in the Net Settlement Amount for distribution to all other Class Members who do not elect not to participate in the Settlement.

3.   The "Net Settlement Amount" means the Maximum Settlement Amount less the payment to the California Labor and Workforce Development Agency (the "LWDA"), the Class Representative Payment, the Class Counsel Fees and Expenses Payment, and the Settlement Administrator's reasonable fees and expenses.  If the Court awards less than the amount sought for any of these awards, the difference between the amount sought and the amount awarded will be retained as part of the Net Settlement Amount for distribution to those Class Members who do not submit a valid and timely Election to Not Participate.

4.   Following the Court-approved deductions from the Maximum Settlement Amount, the remaining Net Settlement Amount will be paid out to all Class Members who do not submit a timely and valid Election Not to Participate in Settlement pursuant to the formula set forth in paragraph 2 above.

5.   The Settlement Share for a Class Member will depend on the number of workweeks the Class Member worked during the relevant period; whether any Class Member elects not to participate in the Settlement; and the amounts awarded by the Court for the payments to the LWDA, Plaintiff, Class Counsel, and the Settlement Administrator.  By way of example only, assume that a Class Member worked ▮ workweeks during the relevant

period, no Class Member elected not to participate in the Settlement, and all payment amounts sought were awarded.  The Class Member's Settlement Share would be approximately $____.__, calculated as follows:

Maximum Settlement Amount:                    $650,000.00

Less:

      Class Representative Payment                    ($5,000)

      LWDA Payment                                            ($40,000)

      Class Counsel Fees and Expenses Payment    ($216,645)

      Settlement Administrator's Fee                    ($__)

Net Settlement Amount                                  $__

Settlement Share

      (Class Member's __ Settlement Period Workweeks ÷
      Total of All Class Members' __ Settlement Period Workweeks) x
      [Net Settlement Amount]                                                $__.__

An approximation of your Settlement Share based on these assumptions appears on your Class Member Settlement Information Sheet accompanying this notice.  Your actual Settlement Share may be more or less once awarded.

6.    The Settlement Shares and other amounts awarded by the Court will be paid after final court approval of the Settlement, entry of the final judgment, and the exhaustion of all rights to appeal or review, or after any appeal or review has been resolved in favor of the Settlement.

7.    You will be included in the Settlement and receive your proportional share of the Settlement if, by the deadline of _____, 2021, you do not complete and submit an Election Not to Participate in Settlement, which is provided with this notice, in accordance with the conditions for submitting that Election.  If you do not complete and submit an Election Not to Participate in Settlement in accordance with the conditions for submitting that Election, you will be bound by this Settlement.  If you do complete and submit by the deadline an Election Not to Participate in Settlement in accordance with the conditions for submitting that Election, you will be excluded from the Settlement and will not receive a Settlement Share, but you will retain the right you may have, if any, to pursue a claim against Target.

8.    If five percent or more of Class Members, or a number of Class Members whose Settlement Shares would be worth five percent or more of the Net Settlement Amount if no Class Member elected not to participate in the Settlement, timely submit completed Elections Not to Participate in Settlement, Target will have the right, but not the obligation, to void the Settlement and the Parties will have no further obligations under the Settlement, including any obligation by Target to pay the Maximum Settlement

Amount, or any amounts that otherwise would have been owed under this Settlement, except that Target will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that Target exercises its right to void the Settlement. Target will notify Class Counsel and the Court whether it is exercising this right to void not later than 10 days after the Settlement Administrator notifies the Parties of the number of valid Elections Not to Participate in Settlement.

9.   If the Court does not grant final approval of the Settlement or grants final approval conditioned on any material change to the terms of the Settlement with respect to the payments to be made to Class Members or the scope of their release of claims, or the final judgment to be entered in the Action, then the Settlement will become null and void; if that occurs, neither Plaintiff nor Target will have further obligations under the Settlement, including any obligation by Target to pay the Maximum Settlement Amount or any amounts that otherwise would have been owed under this Settlement. An award by the Court of a lesser amount than that sought by Plaintiff and Class Counsel for the Class Representative Payment and the Class Counsel Fees and Expenses Payment will not constitute a material change to the Settlement. Notwithstanding the foregoing, Plaintiff and Class Counsel reserve their right to appeal an award by the Court of a lesser amount than that sought by Plaintiff and Class Counsel for the Class Representative Payment and Class Counsel Fees and Expense Payment, but not the approval of the Settlement otherwise.

10.   The Court has appointed ▉▉▉▉▉▉▉ to act as an independent Settlement Administrator and to resolve any dispute concerning the calculation of a Class Member's entitlement to a Settlement Share.

11.   If you dispute the accuracy of any of the information used to calculate your Settlement Share, shown on your enclosed Class Member Settlement Information Sheet, you must ask the Settlement Administrator to resolve the matter. In order to do so, you must return your Class Member Settlement Information Sheet to the Settlement Administrator by the deadline of ▉▉▉▉▉, 2021, informing the Settlement Administrator of the fact of the dispute and the basis for your contention that different information is correct for you (including any documentary evidence that you have to support your contention). In the event of such a dispute, Target will manually review its payroll and personnel records to verify the corrected information. Target's records will have a rebuttable presumption of correctness. After consultation with you, Class Counsel, and Target, the Settlement Administrator will make a determination of the correct information, and that determination will be final, binding on you and Target, and non-appealable, unless the District Court finds the Settlement Administrator's decision to have been an abuse of discretion.

12.   The Settlement includes the following release for participating Class Members:

> Once the Judgment becomes Final, and in consideration of their Settlement Shares and the other terms and conditions of the Settlement, each Class Member who does not complete and mail a timely Election Not to Participate in Settlement releases any and all claims against Target and each of its former and current parent companies, subsidiaries, and

affiliated corporations and entities, and each of their respective former and current employees, officers, directors, agents, attorneys, shareholders, fiduciaries, other service providers, and related persons and entities, and assigns, raised in the Action or that could have been raised as of the date of entry of the Judgment based on the factual allegations made in the Action or otherwise based on or related to allegations that Target failed to reimburse business expenses.  Such claims include, but are not necessarily limited to, claims for reimbursement of expenses under California Labor Code section 2802; civil penalties under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, based on the above alleged California Labor Code violation; any other associated statutory or civil penalties, whether recovery is founded on federal, state, or municipal law; and any associated claim for interest, attorneys' fees, or costs (the "Class Members' Released Claims").  The Class Members' Released Claims include all such claims, whether known or unknown by the Class Members or any of them.

13.  **Class Representative Payment:**  In addition to his respective Settlement Share as a Class Member, Plaintiff will seek approval from the Court for a payment of $5,000 in consideration of his initiating and pursuing the Action, undertaking the risk of liability for attorneys' fees and expenses in the event he were unsuccessful in the prosecution of the Action, and granting the general release as part of the Settlement.  This payment, which will be paid to the named Plaintiff as approved by the Court and is in addition to the Plaintiff's Settlement Share, will be made out of the Maximum Settlement Amount.

14.  **Class Counsel Fees and Expenses Payment:**  Class Counsel have represented and continue to represent the Class on a contingency-fee basis.  That means that attorneys' fees are paid only if money is recovered for the Class.  It is common to award attorneys' fees as a percentage of the settlement amount negotiated by the attorneys for the class.  As part of the final approval hearing, James R. Hawkins and Isandra Y. Fernandez of James Hawkins, APLC will request up to $231,645 representing $216,645 for their attorneys' fees (33.33% of the Maximum Settlement Amount) and up to $15,000 for their expenses incurred in connection with their work in this case.  Target does not oppose this payment.  This amount will be the entire amount of attorneys' fees and expenses to which Class Counsel will be entitled in connection with the Action.  Class Members will not be required to pay Class Counsel for any other attorneys' fees, costs or expenses out of their own pockets if the Settlement Agreement and the fee request are finally approved by the Court.  Class Counsel's attorneys' fees and expenses as approved by the Court will be paid out of the Maximum Settlement Amount.

15.  **Costs of Administration:**  The reasonable costs of administering the Settlement, including the Settlement Administrator's fees and expenses, not to exceed $▮▮▮▮, will be paid out of the Maximum Settlement Amount.

16.  **Plaintiff and Class Counsel's Support of the Settlement:**  Plaintiff as Class Representative and Class Counsel support the Settlement.  Their reasons include the risk of denial of class certification and a trial on the merits, the inherent delays and uncertainties associated with litigation, and the possibility that the Class is not entitled to

any recovery.  Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved.  Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believe that the Settlement is fair, reasonable, and adequate.

## WHAT ARE MY RIGHTS AS A CLASS MEMBER?

1.  **Receipt of Settlement Share:**  If the enclosed Class Member Settlement Information Sheet correctly states your identifying information and the information about your employment with Target, you do not need to take any further action to receive your Settlement Share if the Court grants final approval of the Settlement.  The Class Member Settlement Information Sheet provides the information on which your Settlement Share will be calculated and an estimate of your Settlement Share if no Class Members elect not to participate in the Settlement; your actual Settlement Share may be more or less.  If the information in the Class Member Settlement Information Sheet is not correct, please correct the information on the form where indicated and return it to the Settlement Administrator.  ***Other than correcting your information, you may not change any other part of the Class Member Settlement Information Sheet.***  It is your obligation to keep the Settlement Administrator informed of any changes in your mailing address until your Settlement Share is received, should final approval of the Settlement be granted.  Failing to provide the Settlement Administrator with any change of your mailing address may prevent you from receiving your Settlement Share.

2.  **Participating in the Settlement:**  Plaintiff as Class Representative and Class Counsel represent your interests as a Class Member.  Unless you elect not to participate in the Settlement, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against Target and the other released parties described above.  As a member of the Class, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and expenses.

3.  **Objecting to the Settlement:**  You may object to the terms of the Settlement before final approval.

**MAIL YOUR OBJECTION TO:**

Clerk of Court
United States District Court, Eastern District of California
Robert T. Matsui Federal Courthouse
501 I Street, Room 4-200
Sacramento, CA  95814

7

| **CLASS COUNSEL** | **TARGET'S COUNSEL** |
|---|---|
| James R. Hawkins | Jeffrey D. Wohl |
| Isandra Fernandez | Eric D. Distelburger |
| James Hawkins APLC | Paul Hastings LLP |
| 9880 Research Drive, Suite 200 | 101 California Street, 48th Floor |
| Irvine, California 92618 | San Francisco, California  94111 |
| Telephone: (949) 387-7200 | Telephone:  (415) 856-7000 |
| Facsimile: (949) 387-6676 | Facsimile:  (415) 856-7100 |
| E-mail: | E-mail: |
| james@jameshawkinsaplc.com | jeffwohl@paulhastings.com |
| isandra@jameshawkinsaplc.com | ericdistelburger@paulhastings.com |

### DO NOT TELEPHONE THE COURT OR TARGET'S COUNSEL.

Any written objection must state your full name, address, date of birth, and the dates of your employment at Target.  Written objections to the Settlement must be mailed by not later than _____, 2021; written objections to the requests for the Class Representative Payment and the Class Counsel Fees and Expenses Payment must be mailed by not later than _____, 2021.

If you submit a timely written objection, you also may appear or appear through counsel of your choice, paid at your own expense, and be heard at the time of the final approval hearing, if you wish to do so, but only if you indicate in your objection that you intend to appear.

If the Court overrules your objection and you did not submit a timely and valid Election Not to Participate in the Settlement, you will be bound by the terms of the Settlement.

4.     **Excluding Yourself from the Settlement:**  If you do not wish to participate in the Settlement, you must complete the enclosed form of Election Not to Participate in Settlement ("Election Not to Participate").  The Election Not to Participate must be completed, dated, signed by you, and returned to the Settlement Administrator by not later than _____, 2021.  A Class Member who fails to mail an Election Not to Participate in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the Court, and the Judgment, regardless of whether he or she has objected to the Settlement.

Any person who files a complete and timely Election Not to Participate will, upon receipt, no longer be a member of the Settlement Class and will not be eligible to receive a Settlement Share, and he or she will not be included in calculating the Settlement Share of any other Class Member.  Any such person will retain the right, if any, to pursue at his or her own expense a claim against Target.  An incomplete or unsigned Election Not to Participate will be deemed invalid.

There will be no retaliation or adverse action taken by Target against any Class Member who participates in the Settlement or elects not to participate in the Settlement.

5.    **Settlement Administrator's Address:**   Send your corrected Class Member Settlement Information Sheet and/or Election Not to Participate in Settlement to the Settlement Administrator at the following address:

Target Wage-and-Hour Settlement Administrator



## FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a final approval hearing on ▮▮▮▮▮, 2021, at ▮ : ▮ .m., in Courtroom ▮ of the United States District Court for the Eastern District of California, 501 I Street, Sacramento, CA 95814, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve the requests for the Class Representative Payment and the Class Counsel Fees and Expenses Payment.

The hearing may be postponed without further notice to the Class.  **It is not necessary for you to appear at this hearing.  If you have submitted a written objection and indicated that you intend to appear in the manner set forth above, you may appear at the hearing and be heard.**

## GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on file with the Clerk of the Court.  The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at the Clerk's Office, United States District Court for the Eastern District of California, 501 I Street, Sacramento, CA 95814, during the Clerk's normal business hours; or you may contact Class Counsel or the Settlement Administrator.

**PLEASE DO NOT TELEPHONE THE COURT OR TARGET'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT!  YOU MAY, HOWEVER, CALL ANY OF THE CLASS COUNSEL LISTED ABOVE.**

Dated: ▮▮▮▮▮, 2021.

By Order of the Court

**EXHIBIT B**

[CLASS MEMBER SETTLEMENT INFORMATION SHEET]

***GARCIA V. TARGET CORP.***
**United States District Court for the Eastern District of California**
**No. 2:19-CV-01249**

**CLASS MEMBER SETTLEMENT INFORMATION SHEET**

**PLEASE REVIEW THE INFORMATION BELOW TO CONFIRM THAT YOUR
CONTACT AND PERSONNEL INFORMATION IS CORRECT.  IF THE
INFORMATION BELOW IS CORRECT, YOU DO NOT NEED TO TAKE ANY
FURTHER ACTION.**

**IF THE INFORMATION BELOW IS NOT CORRECT, PROVIDE CORRECTED
INFORMATION IN THE SPACES PROVIDED BELOW, THEN DATE, SIGN AND
RETURN THIS FORM, POSTMARKED NOT LATER THAN             , 2021, TO:**

Target Wage-and-Hour Settlement Administrator



**PERSONNEL INFORMATION FOR
CLASS MEMBER RECEIVING THIS NOTICE**

1.  Your name:                                   _____

2.  Your mailing address:                        _____

                                                 _____

3.  Last four digits of your Social Security     XXX-XX-_____
    number:

4.  Number of workweeks you worked for
    Target as an Executive Team Leader in
    California from April 17, 2015, through
    December 3, 2018:                            _____

Your estimated Settlement Share:                 $_____

**YOUR SETTLEMENT SHARE IS BASED ON THE NUMBER OF WORKWEEKS YOU
WORKED FOR TARGET AS AN EXECUTIVE TEAM LEADER IN CALIFORNIA
FROM APRIL 17, 2015, THROUGH DECEMBER 3, 2018.**

**IF ANY OF THE INFORMATION SHOWN ABOVE (NUMBERS 1 TO 4) IS NOT
CORRECT, PLEASE SO INDICATE BELOW.  IF YOU ARE DISPUTING THE
INFORMATION IN NUMBER 4, STATE WHAT YOU BELIEVE TO BE THE**

**CORRECT INFORMATION AND ATTACH ANY DOCUMENTATION THAT SUPPORTS YOUR CONTENTION.**

| Corrected Information | |
|---|---|
| 1.  Your *corrected* name: | _____ |
| 2.  Your *corrected* mailing address (include telephone number, starting with area code): | _____ <br> _____ <br> _____ |
| 3.  *Corrected* last four digits of your Social Security number (you are *not* required to provide your entire Social Security number): | XXX-XX-_____ |
| 4.  *Corrected* number of workweeks you worked for Target as an Executive Team Leader in California from April 17, 2015 through December 3, 2018: | _____ |

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: _____ ___, ____, at _____ [*city*], _____ [*state*].

_____
(*print name*)

_____
(*signature*)

**PLEASE REMEMBER:  IT IS YOUR OBLIGATION TO INFORM THE SETTLEMENT ADMINISTRATOR OF ANY CHANGE TO YOUR MAILING ADDRESS PRIOR TO YOUR RECEIPT OF YOUR SETTLEMENT SHARE.  FAILURE TO UPDATE YOUR MAILING ADDRESS MAY PREVENT YOUR RECEIPT OF YOUR SETTLEMENT SHARE.**

**EXHIBIT C**

[ELECTION NOT TO PARTICIPATE IN SETTLEMENT]

***GARCIA V. TARGET CORP.***
**United States District Court for the Eastern District of California**
**No. 2:19-CV-01249**

**ELECTION NOT TO PARTICIPATE IN SETTLEMENT**

**IF YOU WANT TO BE INCLUDED IN THIS CLASS ACTION SETTLEMENT, DO NOT FILL OUT THIS FORM.**

**IF YOU DO NOT WANT TO BE INCLUDED IN THE SETTLEMENT, YOU MUST DATE AND SIGN THIS DOCUMENT AND MAIL IT BACK TO THE ADDRESS BELOW, POSTMARKED NOT LATER THAN _____, 2021:**

Target Wage-and-Hour Settlement Administrator

I have received notice of the proposed settlement in this action and I wish to be excluded from the class and ***not*** to participate in the proposed settlement.  I understand this means that I will not be bound by the settlement and will not share in the settlement proceeds, but I will retain the right, if any, to pursue a claim against Target.

Typed or Printed Name: _____

Address: _____

City, State, Zip Code: _____

Telephone Number, Including Area Code: _____

Last four digits of Social Security number: XXX-XX-_____

  Dated: _____, \_\_\_\_.

_____
(*signature*)

**EXHIBIT D**

[(PROPOSED) ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT]

1    *(Counsel of record on next page)*

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   SERGIO GARCIA, on behalf of himself and all others similarly situated

No. 2:19-CV-01249-TLN-DB

12  

**[PROPOSED] ORDER:**

13              Plaintiff,

**(1)**  **PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**

14      vs.

**(2)**  **CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**

15   TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 50, inclusive,

**(3)**  **APPOINTING CLASS REPRESENTATIVES, CLASS COUNSEL, AND SETTLEMENT ADMINISTRATOR;**

16

17             Defendants.

**(4)**  **APPROVING CLASS NOTICE PACKET; AND**

18

19

**(5)**  **SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**

20

Date:        ▮, 2021
Time:       ▮:▮▮ .m.

21

Judge:     Hon. Troy L. Nunley

22

SAC filed:    February 21, 2020

23  

Trial date:    None set

24

25

26

27

28

1  JAMES R. HAWKINS (Cal. State Bar No. 192925)
   ISANDRA FERNANDEZ (Cal State Bar No. 220482)
2  JAMES HAWKINS APLC
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone: (949) 387-7200
4  Facsimile: (949) 387-6676
   james@jameshawkinsaplc.com
5  isandra@jameshawkinsaplc.com

6  Attorneys for Plaintiff
   Sergio Garcia
7

8  JEFFREY D. WOHL (Cal. State Bar No. 096838)
   ERIC D. DISTELBURGER (Cal. State Bar No. 33042)
9  PAUL HASTINGS LLP
   101 California Street, 48th Floor
10 San Francisco, California  94111
   Telephone:  (415) 856-7000
11 Facsimile:  (415) 856-7100
   jeffwohl@paulhastings.com
12 ericdistelburger@paulhastings.com

13 Attorneys for Defendant
   Target Corporation
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On _____, 2021, a hearing was held on the joint motion of plaintiff Sergio Garcia and defendant Target Corporation ("Target"), for conditional certification of a settlement class in this action, preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet, appointing a Class Representative, Class Counsel and the proposed Settlement Administrator, and the setting of a date for the hearing on final approval of the settlement.  James R. Hawkins and Isandra Y. Fernandez of James Hawkins, APLC appeared for Plaintiff; and Jeffrey D. Wohl and Eric D. Distelburger of Paul Hastings LLP appeared for Target.

The Court having read and considered the papers on the motion, the arguments of counsel, and the law; and good cause appearing therefore,

IT IS ORDERED:

1.     The parties' Settlement Agreement (the "Settlement" or the "Agreement") is granted preliminary approval as it meets the criteria for preliminary settlement approval.  The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's length and informed negotiations and to treat all Class Members fairly.

2.     The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable.  The parties' proposed Notice of Proposed Settlement, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval (the "Class Notice") (Settlement, Exh. A), and proposed forms of Class Member Settlement Information Sheet and Election Not to Participate in Settlement (*id.*, Exhs. B, C) (collectively, the "Class Notice Packet") are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to or comment on the Settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing and are therefore approved.

3.     The proposed class is conditionally certified.  The class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.  The class is defined as:

///

All persons who are or were employed by Target in the State of California as an Executive Team Leader ("ETL") from April 17, 2015, to December 3, 2018. The Class does not include any individuals who have resolved the claims asserted in the Action, whether by settlement or adjudication.

4.      Plaintiff Sergio Garcia is appointed the Class Representative.

5.      James R. Hawkins and Isandra Y. Fernandez of James Hawkins, APLC are appointed Class Counsel.

6.      _____ is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Agreement.

7.      The Class Notice will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties.  Proof of distribution of the Class Notice will be filed by the parties in conjunction with the motion for an order granting final approval of the Settlement.

8.      Target is directed to provide to the Settlement Administrator not later than 30 days after the date of this order the Class Members' Data as specified by the Settlement Agreement.

9.      The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to the Class Members not later than 15 days after receipt of the Class Members' Data.

10.      Any Class Member who elects not to participate in the Settlement has until 45 days after the mailing of the Class Notice Packet to submit his or her Election Not to Participate in Settlement pursuant to the procedures set forth in the Class Notice.

11.      Class Members will receive a Settlement Share if, not later than 45 days after the Settlement Administrator mails the Class Notice Packet, they do not submit a valid and timely Election Not to Participate in Settlement.

12.      Any Class Member who wishes to object to the Settlement has until 45 days after the mailing of the Class Notice Packet to file with the District Court and serve on counsel for the parties his or her written objection (and, if he or she wishes to appear at the final approval hearing, to indicate in his or her written objection an intention to appear), pursuant to the procedures set forth in the Class Notice.

13.      Any Class Member who wishes to object to the requests for the Class Representative Payment or the Class Counsel Fees and Expenses Payment has until 21 days before the Final Approval

ORDER GRANTING PRELIMINARY
APPROVAL OF SETTLEMENT
U.S.D.C., E.D. Cal., No. 2:19-cv-01249-TLN -DB

Hearing to file with the Court and serve on counsel for the parties his or her written objection (and, if he or she wishes to appear at the final approval hearing, to indicate in his or her written objection an intention to appear), pursuant to the procedures set forth in the Class Notice.

14.     A final approval hearing will be held on _____, 2021, at __:__ _.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members.  The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider Plaintiff and Class Counsel's request, made by separate motion, for the Class Representative Payment and the Class Counsel Fees and Expenses Payment.  Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Class Representative Payment and the Class Counsel Fees and Expenses Payment, if they so desire, as set forth in the Class Notice.

15.     The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

IT IS SO ORDERED.

Dated: _____ ___, 2021.

_____
Troy L. Nunley
United States District Judge

ORDER GRANTING PRELIMINARY
APPROVAL OF SETTLEMENT
U.S.D.C., E.D. Cal., No. 2:19-cv-01249-TLN -DB

LEGAL_US_W # 106720859.2

**EXHIBIT E**

[PAGA NOTICE TO THE LWDA]

JEFFREY D. WOHL (Cal. State Bar No. 096838)
ERIC D. DISTELBURGER (Cal. State Bar No. 33042)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
jeffwohl@paulhastings.com
ericdistelburger@paulhastings.com

Attorneys for Defendant
Target Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GARCIA, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-CV-01249-TLN-DB<br><br>**NOTICE OF PROPOSED PAGA SETTLEMENT**<br><br>Cal. Lab. Code § 2698 *et seq.*<br><br>Date:         , 2021<br>Time:       :  .m.<br>Judge:      Hon. Troy L. Nunley<br><br>SAC filed:     February 21, 2020<br>Trial date:    None set |

1       To the California Labor and Workforce Development Agency ("LWDA"):

2       PLEASE TAKE NOTICE that the parties to this wage-and-hour class action have settled the case,

3 which includes settlement of a derivative Labor Code Private Attorneys General Act ("PAGA") claim.  In

4 accordance with PAGA, Cal. Lab. Code § 2699(*l*)(2), defendant Target Corporation ("Target"), provides

5 this notice to the LWDA and attaches a copy of the parties' Settlement Agreement.

6       If you have questions about this notice or the enclosed materials, please contact counsel for the

7 parties as follows:

8       *To Plaintiff*:                         *To Target*:

9

10       James R. Hawkins                     Jeffrey D. Wohl
      Isandra Fernandez                    Eric D. Distelburger

11       James Hawkins APLC              Paul Hastings LLP
      9880 Research Drive, Suite 200      101 California Street, 48th Floor

12       Irvine, California 92618           San Francisco, California  94111
      Telephone: (949) 387-7200         Telephone:  (415) 856-7000

13       Facsimile: (949) 387-6676          Facsimile:  (415) 856-7100
      E-mail:  james@jameshawkinsaplc.com  E-mail:  jeffwohl@paulhastings.com

14                  isandra@jameshawkinsaplc.com               ericdistelburger@paulhastings.com

15

16       Dated: ▮ ▮, 2021.              JEFFREY D. WOHL
                             ERIC D. DISTELBURGER

17                              PAUL HASTINGS LLP

18

19                      By:   _____
                                Jeffrey D. Wohl

20                                   Attorneys for Defendant
                                 Target Corporation

21

22

23

24

25

26

27

28

**EXHIBIT F**

[CAFA NOTICE]

JEFFREY D. WOHL (Cal. State Bar No. 096838)
ERIC D. DISTELBURGER (Cal. State Bar No. 33042)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100
jeffwohl@paulhastings.com
ericdistelburger@paulhastings.com

Attorneys for Defendant
Target Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GARCIA, on behalf of himself and all others similarly situated<br><br>                    Plaintiff,<br><br>    vs.<br><br>TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | No. 2:19-CV-01249-TLN-DB<br><br>**NOTICE OF PROPOSED SETTLEMENT**<br><br>28 U.S.C. **§** 1715<br><br>Date:         ▮, 2021<br>Time:         ▮:▮ ▮.m.<br><br>**Judge:**     **Hon. Troy L. Nunley**<br><br>SAC filed:    February 21, 2020<br>Trial date:   None set |

PLEASE TAKE NOTICE that the parties to this class action have settled the case with a proposed class settlement. Defendant Target Corporation ("Target") provides this notice to the Attorney General of the United States of America and the appropriate state official in each state in which a Class Member resides. Target encloses the following documents:

1.  Plaintiff Sergio Garcia's Second Amended Complaint in this action.

2.  The parties' Settlement Agreement, which, among other documents attached as exhibits, includes:

    a.  the parties' proposed forms of Notice of Proposed Settlement, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval of Settlement (Exh. A);

    b.  the parties' proposed Class Member Settlement Information Sheet (Exh. B);

    c.  the parties' proposed Election Not to Participate in Settlement form (Exh. C).

3.  The parties' Notice of Joint Motion and Joint Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of Class, Approval of Class Notice, and Setting of Final Approval Hearing, and the memorandum in support of the motion.

4.  The names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire settlement.

The Court has scheduled the preliminary approval hearing on the settlement for ▮▮, 2021. To access updated information about the status of the parties' settlement, you may access the electronic docket for this case through the Public Access to Court Electronic Records ("PACER"), https://pacer.uscourts.gov/. Through the PACER system, you may access the complete case file in this case and access information about the upcoming hearing.

PLEASE TAKE FURTHER NOTICE that pursuant to CAFA you are not required to comment on the settlement. However, if you wish to comment, please file your comments by ▮▮, 2021, at the following address:

///

///

///

Clerk of Court
United States District Court, Eastern District of California
Robert T. Matsui Federal Courthouse
501 I Street, Room 4-200
Sacramento, CA  95814

If you choose to comment, please also provide notice to the parties' counsel as follows:

<table>
<tr><td>

**CLASS COUNSEL**

James R. Hawkins
Isandra Fernandez
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
E-mail:   james@jameshawkinsaplc.com
              isandra@jameshawkinsaplc.com

</td><td>

**TARGET'S COUNSEL**

Jeffrey D. Wohl
Eric D. Distelburger
Paul Hastings LLP
101 California Street, 48th Floor
San Francisco, California  94111

Telephone: (415) 856-7000
Facsimile: (415) 856-7100
E-mail:   jeffwohl@paulhastings.com
              ericdistelburger@paulhastings.com

</td></tr>
</table>

Dated:  __ __, 2021.

JEFFREY D. WOHL
ERIC D. DISTELBURGER
PAUL HASTINGS LLP

By: _____
              Jeffrey D. Wohl
              Attorneys for Defendant
              Target Corporation

NOTICE OF PROPOSED SETTLEMENT
U.S.D.C., E.D. Cal., No. 2:19-CV-01249-TLN-DB

LEGAL_US_W # 106729713.2

**EXHIBIT G**

[(PROPOSED) ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND ENTERING FINAL JUDGMENT]

1   *(Counsel of record on next page)*

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   SERGIO GARCIA, on behalf of himself and all           No. 2:19-CV-01249-TLN-DB
     others similarly situated
12                                                          **[PROPOSED] ORDER GRANTING FINAL**
                                                            **APPROVAL OF CLASS ACTION**
13                        Plaintiff,                        **SETTLEMENT AND ENTERING FINAL**
                                                            **JUDGMENT**
14         vs.
                                                            Date:            ████████, 2021
15   TARGET CORPORATION, a Minnesota                        Time:      ████:██.m.
     corporation, and DOES 1 through 50, inclusive,        Judge:           Hon. Troy L. Nunley
16
                                                            SAC filed:       February 21, 2020
17                        Defendants.                       Trial date:      None set

18

19

20

21

22

23

24

25

26

27

28

1  JAMES R. HAWKINS (Cal. State Bar No. 192925)
   ISANDRA FERNANDEZ (Cal State Bar No. 220482)
2  JAMES HAWKINS APLC
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone: (949) 387-7200
4  Facsimile: (949) 387-6676
   james@jameshawkinsaplc.com
5  isandra@jameshawkinsaplc.com

6  Attorneys for Plaintiff
   Sergio Garcia
7

8  JEFFREY D. WOHL (Cal. State Bar No. 096838)
   ERIC D. DISTELBURGER (Cal. State Bar No. 33042)
   PAUL HASTINGS LLP
9  101 California Street, 48th Floor
   San Francisco, California  94111
10 Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
11 jeffwohl@paulhastings.com
   ericdistelburger@paulhastings.com
12
   Attorneys for Defendant
13 Target Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING FINAL APPROVAL OF
CLASS SETTLEMENT AND ENTERING JUDGMENT
U.S.D.C., E.D. Cal., No. 2:19-CV-01249-TLN -DB

On _____, 2021, a hearing was held on the joint motion of plaintiff Sergio Garcia and defendant Target Corporation ("Target"), for final approval of their class settlement (the "Settlement"). James R. Hawkins and Isandra Y. Fernandez of James Hawkins, APLC appeared for Plaintiff; and Jeffrey D. Wohl and Eric D. Distelburger of Paul Hastings LLP appeared for Target.

The parties have submitted their Settlement, which this Court preliminarily approved by its order entered on _____, 2021 (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Pursuant to the Preliminary Approval Order, a Notice of Proposed Settlement, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval; a Class Member Settlement Information Sheet; and an Election Not to Participate in Settlement were sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. ___ Class Members filed written objections to the proposed Settlement as part of this notice period or stated an intention to appear at the final approval hearing. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable and satisfied the requirements of law and due process.

2. In addition to the notice to the Class, the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides have been given notice of the

Settlement.  Not later than 10 days after the motion seeking preliminary approval of the Settlement was filed with the Court, Target served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement.  The notice of Settlement also invited comment on the Settlement.  The Court finds and determines that Target's notice of the Settlement was timely, adequate, and compliant with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and that 28 U.S.C. section 1715(e) has no application to the Settlement.

3.      In addition to the notice to the Class and the CAFA notice described above, the California Labor and Workforce Development Agency (the "LWDA") was given timely notice of the Settlement pursuant to the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699(*l*)(2).  The notice of Settlement invited comment on the Settlement.  The Court finds and determines that this notice of the Settlement was timely, adequate, and compliant with PAGA.

4.      For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

5.      The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

6.      The Court finds and determines that the Settlement Shares to be paid to the Class Members, as provided for by the Settlement, are fair and reasonable.  The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members out of the Net

Settlement Amount in accordance with the Settlement.

7.      The Court finds and determines that the fees and expenses in administrating the Settlement, in the amount of $_____, are fair and reasonable.  The Court hereby gives final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

8.      The Court determines by separate order the request by plaintiff and Class Counsel to the Class Representative Payment and the Class Counsel Fees and Expenses Payment.

9.      The Court orders that to the extent a payment made to a Class Member remains uncashed 180 days after mailing, the funds represented by the uncashed check be delivered to the California State Controller's Office, Unclaimed Property Division, in the name of the Class Member.

10.     Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

11.     Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Target make payments to the Class Members in accordance with the Settlement.

12.     Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

13.     Pursuant to the Settlement, plaintiff and all Class Members who did not timely submit valid elections not to participate are permanently barred from prosecuting against Target, and its parents, predecessors, successors, subsidiaries, affiliates, joint ventures, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

14.     The parties are hereby ordered to comply with the terms of the Settlement.

15.     The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Preliminary Approval Order and this order, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

///

1    Dated: _____, 2021.

2
                                        _____
3                                                     Troy L. Nunley
                                              United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28