*(Counsel of record on next page)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GARCIA, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-CV-01249-TLN-DB<br><br>**[PROPOSED] ORDER:**<br><br>**(1)  PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br><br>**(2)  CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br><br>**(3)  APPOINTING CLASS REPRESENTATIVES, CLASS COUNSEL, AND SETTLEMENT ADMINISTRATOR;**<br><br>**(4)  APPROVING CLASS NOTICE PACKET; AND**<br><br>**(5)  SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Date:        September 30, 2021<br>Time:        2:00 p.m.<br>Courtroom:  2<br>Judge:       Hon. Troy L. Nunley<br><br>SAC filed:   February 21, 2020<br>Trial date:  None set |

1  JAMES R. HAWKINS (Cal. State Bar No. 192925)
   ISANDRA FERNANDEZ (Cal State Bar No. 220482)
2  JAMES HAWKINS APLC
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone: (949) 387-7200
4  Facsimile: (949) 387-6676
   james@jameshawkinsaplc.com
5  isandra@jameshawkinsaplc.com

6  Attorneys for Plaintiff
   Sergio Garcia
7

8  JEFFREY D. WOHL (Cal. State Bar No. 096838)
   ERIC D. DISTELBURGER (Cal. State Bar No. 33042)
9  PAUL HASTINGS LLP
   101 California Street, 48th Floor
10 San Francisco, California  94111
   Telephone:  (415) 856-7000
11 Facsimile:  (415) 856-7100
   jeffwohl@paulhastings.com
12 ericdistelburger@paulhastings.com

13 Attorneys for Defendant
   Target Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    On September 30, 2021, a hearing was held on the joint motion of plaintiff Sergio Garcia and defendant Target Corporation ("Target"), for conditional certification of a settlement class in this action, preliminary approval of the parties' proposed settlement, approval of the Class Notice Packet, appointing a Class Representative, Class Counsel and the proposed Settlement Administrator, and the setting of a date for the hearing on final approval of the settlement.  Isandra Y. Fernandez of James Hawkins, APLC appeared for Plaintiff; and Jeffrey D. Wohl and Eric D. Distelburger of Paul Hastings LLP appeared for Target.

The Court having read and considered the papers on the motion, the arguments of counsel, and the law; and good cause appearing therefore,

IT IS ORDERED:

1. The parties' Settlement Agreement (the "Settlement" or the "Agreement") is granted preliminary approval as it meets the criteria for preliminary settlement approval.  The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's length and informed negotiations and to treat all Class Members fairly.

2. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable.  The parties' proposed Notice of Proposed Settlement, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval (the "Class Notice") (Settlement, Exh. A), and proposed forms of Class Member Settlement Information Sheet and Election Not to Participate in Settlement (*id.*, Exhs. B, C) (collectively, the "Class Notice Packet") are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to or comment on the Settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing and are therefore approved.

3. The proposed class is conditionally certified.  The class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.  The class is defined as:

///

> All persons who are or were employed by Target in the State of California as an Executive Team Leader ("ETL") from April 17, 2015, to December 3, 2018. The Class does not include any individuals who have resolved the claims asserted in the Action, whether by settlement or adjudication.

4. Plaintiff Sergio Garcia is appointed the Class Representative.

5. James R. Hawkins and Isandra Y. Fernandez of James Hawkins, APLC are appointed Class Counsel.

6. Simpluris is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Agreement.

7. The Class Notice will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. Proof of distribution of the Class Notice will be filed by the parties in conjunction with the motion for an order granting final approval of the Settlement.

8. Target is directed to provide to the Settlement Administrator not later than 30 days after the date of this order the Class Members' Data as specified by the Settlement Agreement.

9. The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to the Class Members not later than 15 days after receipt of the Class Members' Data.

10. Any Class Member who elects not to participate in the Settlement has until 45 days after the mailing of the Class Notice Packet to submit his or her Election Not to Participate in Settlement pursuant to the procedures set forth in the Class Notice.

11. Class Members will receive a Settlement Share if, not later than 45 days after the Settlement Administrator mails the Class Notice Packet, they do not submit a valid and timely Election Not to Participate in Settlement.

12. Any Class Member who wishes to object to the Settlement has until 45 days after the mailing of the Class Notice Packet to file with the District Court and serve on counsel for the parties his or her written objection (and, if he or she wishes to appear at the final approval hearing, to indicate in his or her written objection an intention to appear), pursuant to the procedures set forth in the Class Notice.

13. Any Class Member who wishes to object to the requests for the Class Representative Payment or the Class Counsel Fees and Expenses Payment, which shall be requested by the plaintiff in

the parties' joint motion for final approval of the settlement, has until 21 days before the Final Approval Hearing to file with the Court and serve on counsel for the parties his or her written objection (and, if he or she wishes to appear at the final approval hearing, to indicate in his or her written objection an intention to appear), pursuant to the procedures set forth in the Class Notice.

14. A final approval hearing will be held on February 17, 2022, at 2:00 p.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider Plaintiff and Class Counsel's request for the Class Representative Payment and the Class Counsel Fees and Expenses Payment. Class Members and their counsel may support or oppose the Settlement, including the awards of the Class Representative Payment and the Class Counsel Fees and Expense Payment., if they so desire, as set forth in the Class Notice.

15. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

IT IS SO ORDERED.

Dated: _____ ___, 2021.

> Troy L. Nunley
> United States District Judge