UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GARCIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota corporation, and DOES 1–50, inclusive,<br><br>Defendants. | No. 2:19-cv-01249-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Sergio Garcia (Plaintiff") and Defendant Target Corporation's ("Defendant") Joint Motion for Final Approval of Class Action Settlement. (ECF No. 34.)  For the reasons set forth below, the parties' motion is GRANTED.

On June 16, 2022, a hearing was held on the parties' joint motion.  James Hawkins, APLC appeared for Plaintiff, and Paul Hastings LLP appeared for Defendant.  The parties have submitted their Settlement, which this Court preliminarily approved by its Order entered on October 19, 2021.  (ECF No. 23.)  In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the

1

Preliminary Approval Order and at the final approval hearing on June 16, 2022, the Court hereby GRANTS final approval of the Settlement, and HEREBY ORDERS as follows:

1. Pursuant to the Preliminary Approval Order, a Notice of Proposed Settlement, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval; a Class Member Settlement Information Sheet; and an Election Not to Participate in Settlement were sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. Zero (0) Class Members filed written objections to the proposed Settlement as part of this notice period or stated an intention to appear at the final approval hearing. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable and satisfied the requirements of law and due process.

2. In addition to the notice to the Class, the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides have been given notice of the Settlement. Defendant served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement, and provided at least 90 days' advance notice of the Final Approval Hearing. The Court finds and determines that Defendant's notice of the Settlement was timely, adequate, and compliant with the

Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and that 28 U.S.C. section 1715(e) has no application to the Settlement.

3. In addition to the notice to the Class and the CAFA notice described above, the California Labor and Workforce Development Agency (the "LWDA") was given timely notice of the Settlement pursuant to the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699(*l*)(2). The notice of Settlement invited comment on the Settlement. The Court finds and determines that this notice of the Settlement was timely, adequate, and compliant with PAGA.

4. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

5. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

6. The Court finds and determines that the Settlement Shares to be paid to the Class Members, as provided for by the Settlement, are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members out of the Net Settlement Amount in accordance with the Settlement.

7. The Court finds and determines that the fees and expenses in administrating the Settlement, in the amount of $24,899.00, are fair and reasonable. The Court hereby gives final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

///

8. The Court determines by separate order the request by Plaintiff and Class Counsel to the Class Representative Payment and the Class Counsel Fees and Expenses Payment.

9. The Court orders that to the extent payments made to Class Members remain uncashed 180 days after mailing, the funds represented by the uncashed checks be delivered to the California State Controller's Office, Unclaimed Property Division.

10. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

11. Nothing in this Order will preclude any action to enforce the parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payments to the Class Members in accordance with the Settlement.

12. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

13. Pursuant to the Settlement, Plaintiff and all Class Members who did not timely submit valid elections not to participate are permanently barred from prosecuting against Defendant, and each of its former and current parent companies, subsidiaries, and affiliated corporations and entities, and each of their respective former and current employees, officers, directors, agents, attorneys, shareholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

14. The parties are hereby ordered to comply with the terms of the Settlement.

15. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of Class Action Settlement filed on October 19, 2021, and this Order, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

IT IS SO ORDERED.

**DATED: June 21, 2022**

Troy L. Nunley
United States District Judge